SARTORIOUS & CO., Plaintiff and Appellant, *v.* SOL LUIS DESCARTES, SECRETARY OF THE TREASURY OF PUERTO RICO, Defendant and Appellee.

No. 11383. Argued March 1, 1956.—Decided April 23, 1956.

*Sifre & Ruiz Suria* (formerly *Franceschi & Sifre*) for appellant. *J. B. Fernández Badillo, Acting Attorney General,* and *Manuel J. Medina Aymat, Assistant Attorney General,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Sartorious & Co. is a civil partnership organized under the laws of the State of New York where it has its main office. In the years 1947 and 1948 it was the owner of 200 shares of outstanding stock of The Fajardo Sugar Company of Puerto Rico, a corporation organized under the laws of this Island. Each share of that corporation entitled the owner to receive not only the dividends declared by the corporation but also those declared by The Fajardo Sugar Growers Association, a joint-stock company organized under the laws of the State of New York. As stockholder of The Fajardo Sugar Company of Puerto Rico, plaintiff received the sum of $800 in 1947 and $1,150 in 1948. Both amounts had accrued after August 5, 1947, effective date of the amendment of the Organic Act in force at the time.[1] The Fajardo Sugar Company of Puerto Rico and The Fajardo Sugar Growers Association, in making the payment of those dividends, deducted and withheld therefrom $232 in 1947

---

[1] The amendment to the Organic Act of Puerto Rico, then in force, reads:

"The rights, privileges, and immunities of citizens of the United States shall be respected in Puerto Rico to the same extent as though Puerto Rico were a State of the Union and subject to the provisions of paragraph 1 of section 2 of article IV of the Constitution of the United States." 61 Stat. 772, 48 U.S.C. § 737.

and $333.50 in 1948 as income tax computed at the rate of 29 per cent. They subsequently paid those amounts to the Treasury Department.

On January 28, 1949, the appellant filed with the appellee two claims for refund, one for $116 and the other for $174, which it alleged having paid in excess. On February 2 of that same year the Secretary of the Treasury notified the appellant that he had denied those claims. The partnership then appealed to the former Tax Court of Puerto Rico,[2] challenging the determination of the Secretary of the Treasury in denying its claims for refund. Petitioner based its claim in that (1) the Income Tax Act of Puerto Rico of August 6, 1925—13 L.P.R.A. § 631—levies a tax of 20 per cent on the net income of partnerships and corporations whereas a 29 per cent tax was withheld from the petitioner and paid to the Secretary of the Treasury, and (2) it is entitled to receive the same treatment as individual residents of Puerto Rico who only pay a 5 per cent normal tax plus the 7 per cent surtax. After the complaint was answered, admitting some facts and denying the essential facts, the case went to trial. The Superior Court rendered judgment on May 29, 1953, dismissing the complaint in its entirety. Plaintiff appealed. It now assigns three errors. We turn to discuss them immediately but before we do so we wish to set forth that it is an admitted fact that the plaintiff is a partnership organized in the State of New York; that it is not registered in the Mercantile Registry of Puerto Rico nor is it doing business of any kind in this Island; and that the income in question was its sole income derived from sources within Puerto Rico.

■■ The lower court stated in its judgment that the question raised "was decided by this court adversely to plaintiff in several cases, among them that of *Gilbert J. Postley* v. *Treasurer of Puerto Rico*." Plaintiff contends that inas-

---

[2] See Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p. 30).

much as we reversed that decision, we must likewise reverse the judgment rendered in the instant case. It is true that by judgment of this Court of February 2, 1954, the judgment rendered in that case was reversed. *Postley* v. *Secretary of the Treasury*, 75 P.R.R. 822. That does not imply, however, that at present we must necessarily reverse the judgment rendered here. The opinion of the trial judge in the *Postley* case was cited by the court as one of the grounds on which it based its decision. It is well known that an appeal is taken from the judgment and not from the reasoning in the opinion. *Heirs of Muñoz* v. *Cepeda*, 72 P.R.R. 554; *Bird* v. *Bird*, 69 P.R.R. 342; *Latorre* v. *Cruz*, 67 P.R.R. 696. Therefore, the fact that the *Postley* case was cited in the judgment of the trial court and that the same was reversed does not warrant, in itself, the reversal of the judgment of the lower court.

■ The trial court likewise stated the following:

"Furthermore, assuming that the amendment to the Organic Act of Puerto Rico by the United States Congress on August 5, 1947, was a blanket prohibition of discrimination in tax rates between citizens of the United States who are residents and those who are non-residents, plaintiff herein is a partnership that possessed and was the owner of shares yielding the income in question, and it is well known that the privileges and immunities clause of the Constitution of the United States is only applicable to natural persons and not to legal entities."

The above statements are cited in support of the second error assigned. We do not agree with appellant. The amendment to our Organic Act made on the aforesaid date, as has been seen, provides:

"The rights, privileges, and immunities of citizens of the United States shall be respected in Puerto Rico to the same extent as though Puerto Rico were a State of the Union and subject to the provisions of paragraph 1 of section 2 of article IV of the Constitution of the United States." 61 Stat. 772, 48 U.S.C. § 737.

That paragraph of the United States Constitution has been repeatedly construed by the United States Supreme Court to the effect that the term "citizens" as used there, applies only to natural persons, not to juridical persons. In *Paul* v. *Virginia*, 75 U.S. 168, 177, 19 L. Ed. 357, 359, said Supreme Court, referring to the Federal clause in question, stated the following:

"The term 'citizens' as there used applies only to natural persons, members of the body politic, owing allegiance to the State, not to artificial persons created by the Legislature, and possessing only the attributes which the Legislature has prescribed. It is true that it has been held that where contracts or rights of property are to be enforced by or against corporations, the courts of the United States will, for the purpose of maintaining jurisdiction, consider the corporation as representing citizens of the State under the laws of which it is created, and to this extent will treat a corporation as a citizen within the clause of the Constitution extending the judicial power of the United States to controversies between citizens of different States . . . .

" . . . . . . . .

"But in no case which has come under our observation, either in the state or Federal Courts, has a corporation been considered a citizen within the meaning of that provision of the Constitution which declares that the citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States."

That court expressed the same view in the cases of *Blake* v. *McClung*, 172 U. S. 239, 43 L. Ed. 432 and *Grosjean* v. *American Press Co.*, 297 U. S. 233, 80 L. Ed. 660. We entirely agree with that ruling.

■ Finally, the petitioner contends that the trial court erred "in declaring that it was not established that the appellant's partners did not suffer the economic burden of the tax withheld and collected, the refund of which is now sought." In discussing this error the appellant contends that in the State of New York, contrary to Puerto Rico, the partnership is not a legal entity separate and apart from the individuals

composing the partnership firm, and that since they are held liable for the payment of the tax, it is inescapable that the economic burden of the tax withheld and paid in this case, was suffered by the four partners composing the plaintiff partnership (designating them) and not by the partnership. Admitting, for the sake of argument, that in the state where it is organized, a partnership for present purposes is not a legal entity apart from the individuals composing it —*Cf. Schwartzman* v. *Miller*, 30 N. Y. Supp. 2d 882 and cases cited at page 884—we disagree with plaintiff's view. Our law clearly imposed on the corporations in question the obligation to withhold the tax involved herein. Besides, the law, by its own terms, imposed the tax on the partnership and not on the partners. Let us see: pursuant to § 22 of the Income Tax Act, as it prevailed during the years in issue, 13 L.P.R.A. § 701 (*a*) "Any person, in whatever capacity acting . . . and any corporation and partnership having the control, receipt, custody, disposal, or payment of interest . . . rent, salaries, wages, commissions, premiums, annuities, compensations, remunerations, emoluments, or other gains, dividends, participation in partnership and corporation profits, and other fixed or determinable annual or periodical profits or income, of any nonresident individual not a citizen of Puerto Rico shall, . . . deduct and withhold from such annual or periodical gains, dividends, profits and income, a tax equal to twenty-nine (29) per cent thereof . . . ." The Income Tax Act, as it was then in force, also provided in its § 35—13 L.P.R.A. § 738—that "In the case of foreign corporations or partnerships subject to taxation under sections 661–807 of this title, not engaged in industry or business within Puerto Rico, there shall be deducted and withheld at the source, in the same manner and upon the same items of income as is provided in section 701 of this title, a tax equal to twenty-nine (29) per cent thereof,

and such tax shall be returned and paid in the same manner and subject to the same conditions as provided in section 701 of this title . . . ."

Plaintiff, as we have already said, is a foreign partnership not engaged in industry or business within Puerto Rico. The letter of the statute clearly imposes the tax on the partnership directly. The fact that, in the state where it was organized, it is not a legal entity separate and apart from the individuals composing it, in no way places it in an advantageous position over partnerships organized in states where such situation does not prevail. *Ubi lex non distinguit, nec nos distinguere debemus.*

The judgment appealed from will be affirmed.

Mr. Justice Sifre did not participate herein.

